Robert M. Haft, J.
On January 18, 1973, the petitioner, under the name of Jack Deary, was sentenced to definite sentences of one year and 60 days, to be served consecutively. He was subsequently placed in a work release program, pursuant to article 28 of the Correction Law. On the day following his release, September 13, 1973, he absconded from the program.
On November 21, 1973, petitioner was arrested on a new charge for which he ultimately received an indeterminate prison sentence of up to three years. He was subsequently paroled from State prison on November 20, 1975, but on June 8, 1976, he was rearrested on still another charge. Although this latter charge was dismissed, the petitioner, instead of being released, was returned to the custody of the New York City Correctional Institution for Men to resume the interrupted sentence imposed on January 18, 1973.
Claiming that he has been illegally detained, petitioner moved for a writ of habeas corpus on the basis that section 70.35 of the Penal Law precludes any further incarceration.
Section 70.35 states that: "The service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed.”
Respondent contends, however, that section 70.35 must be considered in conjunction with subdivision 7 of section 70.30 of the Penal Law, which provides that: "When a person who is serving a sentence of imprisonment is permitted to leave an institution to participate in a program of work release * * * fails to return to the institution at or before the time prescribed for his return, such failure shall interrupt the sentence and such sentence shall continue until the return of the person to the institution in which the sentence was being served”.
According to respondent, the two foregoing sections should be construed together since the Legislature could not possibly have intended the merger statute — section 70.35 — to confer a benefit upon a person who has absconded from custody and thus enable him to avoid punishment for his original wrongdoing.
*1059 Although the instant case appears to be one of first impression, in the view of this court the language of section 70.35 is clear. When a defendant is committed to serve an indeterminate sentence of imprisonment, that sentence satisfies any determinate sentence imposed for a prior offense. (See Matter of Whittaker v Smith, 51 AD2d 858, holding that the indeterminate sentence must actually be served in order for the merger to occur.)
As noted by Arnold D. Hechtman: "The rationale of the merger statute is that there is no sound reason to keep a person in a county correctional institution for a short term of imprisonment before transferring him to the more elaborate system of the state * * * [S]uch sentence encompasses any legitimate objectives that would have been served by the definite sentence. Similarly, the law should not force a person to serve a definite sentence in a county institution for a previously committed offense, when he is released from a state correctional institution. Having served a state sentence the offender should be allowed to make a fresh start.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.35.)
Subdivision 7 of section 70.30, despite the fact that respondent seeks to broaden its scope, merely provides that a person who has absconded from temporary release may not receive credit toward the incompleted portion of his sentence for the period of time during which he is at large. This involves the calculation of terms of imprisonment and is entirely unrelated to the issue of merger. Indeed, even if defendant were charged with the misdemeanor of absconding from temporary release (Penal Law, §§ 205.16, 205.17), no additional punishment would result since a definite sentence imposed for that crime would also merge into the subsequent indeterminate sentence. If there is an inequity achieved by allowing offenders, in certain instances, to escape punishment from absconding from work release programs, that is a matter easily remedied by legislation.
Consequently, the petitioner’s writ is granted, and he is hereby discharged.